## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| COUY GRIFFIN, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) Civ. No. <br> ) |
| v. | ) <br> ) <br> ) |
| MARCO WHITE, MARK MITCHELL, and LESLIE LAKIND, *acting under color of New Mexico law*, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

### PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Couy Griffin complains against Defendants as follows:

### Introduction

1. This is a civil action for declaratory and injunctive relief arising under the First and Fourteenth Amendments to the Constitution of the United States, under 42 Cong. Ch. 194, May 22, 1872, 17 Stat. 142, as well as 42 U.S.C. §§ 1983 and 1988.

2. This civil action concerns the constitutionality of New Mexico law, which Griffin is subject to and which has been applied against him. *See* NMSA 1978, § 44-3-1 *et seq.* This state law allows a private relator to bring a *quo warranto* action in the name of the State against "any person [who] usurp[s], intrude[s] into or unlawfully hold[s] or exercise[s] any public office . . . within this state. . ." or against "any public officer . . . [who] shall have done or suffered an act which, by the provisions of law, shall work a forfeiture of his office. . ." NMSA 1978, § 44-3-4.

1

**Jurisdiction and Venue**

3. This action arises under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the Constitution of the United States and under federal law.

4. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 and 1343(a)(3).

5. This Court has the authority to provide declaratory relief under 28 U.S.C. §§ 2201 and 2202 and under Rule 57 of the Federal Rules of Civil Procedure.

6. This Court has the authority to provide preliminary and permanent injunctive relief under Rule 65 of the Federal Rules of Civil Procedure.

7. This Court has personal jurisdiction over Defendants because they are domiciled in the State of New Mexico.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) because the facts giving rise to this action occurred in this District.

**Parties**

9. Plaintiff Couy Griffin is an Otero County Commissioner. He is a resident of Otero County and represents District 2 on the Board of County Commissioners of Otero County ("County Commission").

10. Defendant Marco White is a resident of Santa Fe County, New Mexico.

11. Defendant Mark Mitchell is a resident of Los Alamos County, New Mexico.

12. Defendant Leslie Lakind is a resident of Santa Fe County, New Mexico.

13. Defendants White, Mitchell and Lakind are "persons" within the meaning of 42 U.S.C. § 1983 and were acting under color of state law at all times relevant to this Complaint.

**Facts**

14.     Under New Mexico law, a New Mexico resident (a "relator") may bring a *quo warranto* action against an officeholder or potential officeholder when a state office pertaining to a county, incorporated village or school district is "unlawfully held." NMSA 1978, § 44-3-4.

15.     Under Section Three of the Fourteenth Amendment to the United States Constitution, known as the Disqualification Clause, "No person shall. . . hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to enemies thereof." U.S. Const. amend. XIV, § 3.

16.     Between March 21 and 22, 2022, Plaintiff Griffin was tried on two misdemeanor charges in the United States District Court for the District of Columbia. *United States v. Couy Griffin*, 21-cr-92-TNM (D.D.C. 2021). Specifically, on January 6, 2021, Griffin walked on the steps of the west front of the U.S. Capitol Building and led a prayer there. He did not enter the building. Griffin was charged with entering an area restricted for the protection of a U.S. Secret Service protectee, 18 U.S.C. § 1752(a)(1), and engaging in disorderly conduct there. § 1752(a)(2).

17.     On March 22, the *Griffin* court entered a judgment of acquittal on the disorderly conduct charge and a judgment of guilt on the unlawful entry charge.

18.     In the middle of the trial, lawyers for the Defendants announced a lawsuit against Griffin. See *Lawsuit Filed to Remove Couy Griffin From Office,* CREW, Mar. 21, 2022 ("CREW Press Release"), available at: https://www.citizensforethics.org/legal-action/lawsuits/lawsuit-

3

filed-to-remove-couy-griffin-from-office/. The lawsuit was filed by a 501(c)(3) organization called Citizens for Responsibility and Ethics in Washington (CREW).

19. Specifically, on March 21, 2022, Defendants filed a *quo warranto* complaint in the First Judicial District of County of Santa Fe against Plaintiff Griffin. It alleges that on January 6, 2021, Griffin "engaged in [an] insurrection" in Washington, D.C., and/or that he gave "aid and comfort" to "insurrectionists" on the same day. *State of New Mexico, ex rel., Marco White, Mark Mitchell, and Leslie Lakind v. Couy Griffin*, D-101-CV-2022-00473. The complaint seeks declaratory relief in the form of an order declaring that Griffin "is disqualified from federal and state office under Section Three of the Fourteenth Amendment" and "removing [Griffin] from his position as an Otero County Commissioner." *Id.*

20. Defendants also seek to "prohibit[] [Griffin] from holding any future state or federal office." *State of New Mexico, ex rel., Marco White, Mark Mitchell, and Leslie Lakind v. Couy Griffin*, D-101-CV-2022-00473.

21. Defendants allege that Griffin "bears the burden of proof to justify that he is legally eligible and qualified to hold public office in the State." *State of New Mexico, ex rel., Marco White, Mark Mitchell, and Leslie Lakind v. Couy Griffin*, D-101-CV-2022-00473 (citing *State ex rel. Huning v. Los Chavez Zoning Comm'n*, 1982-NMSC-024, 10, 97 N.M. 472, 474).

### Standing

22. For a plaintiff to establish standing under Article III, he must (1) have suffered an "injury in fact"; (2) that is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

23. Here, Plaintiff Griffin meets all three Article III standing requirements.

24. As a County Commissioner, Griffin is subject to NMSA 1978, § 44-3-1 *et seq.*, and, in fact, Defendants have challenged his ability to hold that office under the statute. If successful, Griffin would be removed from office and barred from running for state or federal office in the future. That is quintessential First Amendment activity. *See Kent v. Martin*, 252 F.3d 1141, 1144 (10th Cir. 2001) (the right to be a candidate for public office is a right protected by the First Amendment); *Guerin v. New Mexico Dep't of Health*, 1998 U.S. Dist. LEXIS, at *10-11 (D.N.M. Nov. 9, 1998) (same; collecting cases).

25. Griffin's potential injury is not in any way hypothetical—not only is Griffin subject to the office-removal statute, Defendants are currently challenging him under it. If Griffin is removed from office, he would additionally lose all the fees and emoluments of his Commissioner position which constitutes his earned income.

26. Griffin's potential disqualification from holding and running for office on the basis of a successful challenge under NMSA 1978, § 44-3-1 *et seq.* is directly traceable to Defendants and their efforts as relators to remove him from office. If Defendants prevail in their efforts to remove Griffin from office, Griffin will be deprived of his First Amendment right as well as his office income. If Defendants' efforts fail, Griffin will maintain his First Amendment right and income.

27. Thus, Griffin's constitutional injuries, as detailed below, are directly traceable to Defendants, who are acting under color of the authority of the State of New Mexico through the *quo warranto* statute.

### *Younger* Abstention

28. Federal courts sometimes abstain from jurisdiction when related claims have been presented in ongoing state judicial proceedings that concern important state interests. *See Younger v. Harris*, 401 U.S. 37 (1971).

29. Defendants have filed their *quo warranto* action in state court. *State of New Mexico, ex rel., Marco White, Mark Mitchell, and Leslie Lakind v. Couy Griffin*, D-101-CV-2022-00473.

30. Here, however, *Younger* abstention does not apply because Defendants presented their *quo warranto* claim to the state court in a manner in which resolution in their favor is not "possible" without addressing a "federal constitutional question." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-12, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987). That is because the sole basis on which Defendants aim to remove Griffin from office and disqualify him from holding any future office is Griffin's alleged infringement of Section Three of the Fourteenth Amendment.

31. Outside the context of State court criminal proceedings, *Younger* abstention is only warranted where the State's interests in the proceeding are "so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co.*, 481 U.S. at 10-12. No court has ever held that a *quo warranto* action in State court satisfies the *Pennzoil* standard for application of *Younger* abstention in the context of civil court proceedings.

32. Under the *quo warranto* statute, the attorney general and district attorneys of the State of New Mexico are charged in the first instance with bringing an action against an allegedly "usurping" officeholder. NMSA 1978, § 44-3-4. That those state official have not brought an action on behalf of the State of New Mexico against Griffin shows that the State's

interests in Defendants' proceeding are by definition not "so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co.*, 481 U.S. at 10-12.  Thus, *Younger* abstention is inappropriate here.

## COUNT I:
### The *quo warranto* statute, as applied to disqualification of an officeholder under Section Three of the Fourteenth Amendment, violates Griffin's First Amendment right to run for political office.
### First Amendment Violation
### U.S. Const. amend. I
### (42 U.S.C. § 1983)

33. Running for political office is quintessential First Amendment activity and afforded great protection.  *E.g.*, *Clements v. Fashing*, 457 U.S. 957, 985 (1982) (Brennan, J., dissenting) ("[pursuing political office] is clearly protected by the First Amendment and restrictions on it must be justified by the State's interest in ensuring the continued proper performance of current public duties"); *Kent*, 252 F.3d at 1144.

34. Removing Griffin from and barring him from holding office under Section Three of the Fourteenth Amendment is not a restriction placed on his First Amendment right that is justified by the State of New Mexico's interest in ensuring the continued proper performance of current public duties.  That is so for a number of reasons.

35. Any State restriction on Griffin's First Amendment right cannot rest on the State's misapplication of federal law, the supreme law of the land.  Section Three of the Fourteenth Amendment no longer has any application.  The Amnesty Act of 1872, reads, "all political disabilities imposed by the third section of the fourteenth amendment to the Constitution of the United States are hereby removed from all persons whomsoever, except Senators and Representatives of the thirty-sixth and thirty-seventh Congresses, officers in the judicial, military, and naval service of the United States, heads of departments, and foreign ministers of

7

the United States." United States Statutes at Large, 42 Cong. Ch. 194, May 22, 1872, 17 Stat. 142 ("1872 Act").

36. Thus, the plain language of the 1872 Act removed the political disability of Section Three from any "person" other than those specifically referenced. *Madison Cawthorn v. Damon Circosta*, 22-cv-50-M, ECF No. 78 (E.D.N.C. Mar. 10, 2022) ("By the plain language of Section 3 and the 1872 Act, Congress removed *all* of Section 3's disabilities from *all* persons whomsoever who were not explicitly excepted.") (emphasis original).

37. The 1872 Act precludes any application of Section Three of the Fourteenth Amendment to Griffin. Griffin intends to maintain his Otero County Commissioner position through the conclusion of his term of office and intends to exercise his First Amendment right to run for State or federal office in the future.

38. Since Section Three does not apply to Griffin, any restriction placed by the State (or its relators) on his ability to hold and run for public office would not constitute a State interest in ensuring the continued proper performance of current public duties. Thus, Defendants' efforts to disqualify Griffin from office violate his First Amendment right to run for and hold political office.

**COUNT II:**
**The *quo warranto* statute, as applied to disqualification of an officeholder under Section Three of the Fourteenth Amendment, violates the Due Process Clause of the Fourteenth Amendment by shifting the burden of proving a negative to Griffin**
**Due Process Violation**
**U.S. Const. amend. XIV**
**(42 U.S.C. § 1983)**

39. When an officeholder is challenged under the *quo warranto* statute, he "bears the burden of proof to justify that he is legally eligible and qualified to hold public office in the State." *State of New Mexico, ex rel., Marco White, Mark Mitchell, and Leslie Lakind v. Couy*

8

*Griffin*, D-101-CV-2022-00473 (citing *State ex rel. Huning v. Los Chavez Zoning Comm'n*, 1982-NMSC-024, 10, 97 N.M. 472, 474).

40. In the case of a challenge based upon residency, the proof that the officeholder must provide is straightforward—documents showing a change of address could easily be provided by the officeholder.

41. However, when, as here, the officeholder is challenged under the Disqualification Clause of Section Three of the Fourteenth Amendment, the *quo warranto* statute would require the officeholder to prove that he did not engage in an "insurrection or rebellion."

42. Such burden-shifting is unconstitutional under the Due Process Clause of the Fourteenth Amendment.

43. When processes implicate free speech, "the operation and effect of the method by which speech is sought to be restrained must be subjected to close analysis and critical judgment in light of the particular circumstances to which it is applied." *Speiser v. Randall*, 357 U.S. 513, 520 (1958) (internal citation omitted).

44. Here, Griffin is required to produce countervailing evidence to prove a negative (i.e., he did not engage in an insurrection), based upon nothing more than Defendants' "information and belief." Such a burden shifting-requirement, as applied to Griffin here, violates his constitutional right to Due Process under the Fourteenth Amendment.

**COUNT III:**
**The *quo warranto* statute, as applied to disqualification of an officeholder under Section Three of the Fourteenth Amendment, violates federal law**
**42 Cong. Ch. 194, May 22, 1872, 17 Stat. 142**

45. Section Three of the Fourteenth Amendment reads,

> No person shall be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State, **who, having previously taken an oath, as a member of Congress, or as an officer**

9

***of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State,*** to support the Constitution of the United States, ***shall have engaged*** in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

U.S. Const. amend. XIV, § 3 (emphasis added).

46. The plain language of the aforementioned Amnesty Act of 1872 removed the political disability of Section Three from all persons except a designated list of officeholders not applicable here. The Act therefore precludes application of Section Three to Griffin. *Madison Cawthorn v. Damon Circosta*, 22-cv-50-M, ECF No. 78 (E.D.N.C. Mar. 10, 2022).

47. In addition, Section Three applies only to those who previously took an oath "as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State." U.S. Const. amend. XIV, § 3. Griffin has never held any of those offices. The office he holds, County Commissioner, is not a "State legislature," nor is it an "executive" or "judicial" position in the State.

48. Since Section Three does not apply to Griffin, Defendants' application of it to Griffin is prohibited by federal law.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for the relief set forth below:

(1) Declare that *quo warranto* statute, as applied to disqualification of an officeholder under Section Three of the Fourteenth Amendment, violates Griffin's First Amendment right to run for political office.

(2) Declare that the *quo warranto* statute, as applied to disqualification of an officeholder under Section Three of the Fourteenth Amendment, violates the Due Process Clause of the Fourteenth Amendment by shifting the burden of proving a negative to Griffin.

(3) Declare that the application of Section Three of the Fourteenth Amendment to Griffin is prohibited by federal law.

10

(4) Preliminarily and permanently enjoin Defendants from enforcing the *quo warranto* statute against Griffin and disqualifying him from running for State and federal office.

(5) Award all costs and expenses of bringing this action, including attorneys' fees, costs, and expenses; and

(6) Grant any other relief this Court deems appropriate.

Dated: May 10, 2022                    Respectfully submitted,

                                       /s/ Nicholas D. Smith
                                       Nicholas D. Smith (Va. Bar No. 79745)
                                       7 East 20th Street
                                       New York, NY 10003
                                       Phone: (917) 902-3869

                                       *Attorney for the Plaintiff*

## Verification

I, Couy Griffin, declare as follows:

1. I am a resident of New Mexico.

2. If called upon to testify, I would testify competently as to the matters set forth in the foregoing *Verified Complaint for Declaratory and Injunctive Relief*.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Verified Complaint for Declaratory and Injunctive Relief* concerning me and my past and intended activities are true and correct to the best of my knowledge and understanding. 28 U.S.C. § 1746.

Executed on May 10, 2022.

                                       /s/ Couy Griffin
                                       Couy Griffin