IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COUY GRIFFIN,

    Plaintiff,

v.                                                      Civ. No. 22-0362 KG/GJF

MARCO WHITE, MARK MITCHELL,
and LESLIE LAKIND, *acting under color of
New Mexico law*,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Couy Griffin's Motion for Preliminary Injunction (Motion) (Doc. 20). The Motion is fully and timely briefed with a Response (Doc. 21), Reply (Doc. 27), and Defendants' Supplemental Brief (Supplemental Brief) (Doc. 28), filed with leave of Court. This Memorandum Opinion and Order addresses solely Count III of his Complaint (Doc. 1), and Plaintiff's "likelihood of success on the merits" of that count. The Court concludes, as a matter of law, that he is unlikely to succeed on Count III. To the extent Plaintiff's Motion relies on Count III, *see* (Doc. 20) at 22[1], the Motion is denied.[2] The Court does not address the remainder of Plaintiff's Motion and reserves ruling on the same.

A preliminary injunction is an "extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008); *Colorado v. U.S. Envt'l Protection Agency*,

---

[1] The Court's pin cites refer to the ECF page number. The Court acknowledges that a party's internal pagination may differ from the ECF pagination.

[2] The Court does not require, and will not entertain, argument regarding Count III or the Confederate Amnesty Act of 1872 at the upcoming hearing.

989 F.3d 874, 883 (10th Cir. 2021) (quoting same). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. The party seeking such an extraordinary remedy must make a "clear and unequivocal" showing it is entitled to such relief. *Colorado*, 989 F.3d at 883 (quoting *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008)).

Plaintiff's request for a preliminary injunction, in so far as it relies on Count III[3], fails at the first element, that is, he is unlikely to succeed on the merits. For this reason, the Motion is denied as to Count III.

Section Three of the Fourteenth Amendment, also known as the "Disqualification Clause," reads:

> No person shall be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

U.S. Const. amend. XIV, § 3.

Plaintiff argues that the Amnesty Act of 1872, Pub. Law 42-193, passed May 22, 1872, prohibits application of Section Three of the Fourteenth Amendment to him because the Amnesty Act of 1872 "lifted the disabilities under Section Three 'from all persons whomsoever'

---

[3] Plaintiff styles Count III as: "The *quo warranto* statute, as applied to disqualification of an officeholder under Section Three of the Fourteenth Amendment, violates federal law 42 Cong. Ch. 194, May 22, 1872, 17 Stat. 142." (Doc. 1) at 9.

2

and therefore that a disqualification challenge in 2022 under Section Three must fail as a matter of law." (Doc. 20) at 22 (discussing *Cawthorn v. Circosta*, --- F. Supp. 3d ---, ---, 2022 WL 738073, at *11-12 (E.D.N.C. Mar. 10, 2022)).

The Amnesty Act of 1872, in its entirety, reads as follows:

> Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled (two-thirds of each house concurring therein), That all political disabilities imposed by the third section of the fourteenth article of amendments of the Constitution of the United States are hereby removed from all persons whomsoever, except Senators and Representatives of the thirty-sixth and thirty-seventh Congresses, officers in the judicial, military, and naval service of the United States, heads of departments, and foreign ministers of the United States.

17 Stat. 142; *Cawthorn v. Amalfi*, --- F.4th ---, ---, 2022 WL 1635116, at *8 (4th Cir. May 24, 2022) (quoting same).

The sole district court opinion on which Plaintiff relies was overruled and reversed six (6) days after Plaintiff filed his Motion. *See Amalfi*, 2022 WL 1635116. The Fourth Circuit's opinion is instructive: "the Act's operative clause refers to those 'political disabilities *imposed*' in the past tense rather than new disabilities that might arise in the future. The past tense is 'backward-looking'; it refers to things that have already happened, not those yet to come." *Id.* at *8 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011); also citing *Blair v. City of Chicago*, 201 U.S. 400, 465 (1906) ("This declaration is in the past tense, and can have no reference by any fair construction to future engagements.")). Similarly, the Act "removed" the imposed disabilities, a word that "generally connoted taking away something that already exists rather than forestalling something yet to come." *Id.* (citing *Dr. Webster's Complete Dictionary of the English Language* 1116 (Chauncey A. Goodrich & Noah Porter, eds., 1864 (defining "remove" when used as a verb: "To cause to change place; to move away from the position occupied; to displace.)).

Plaintiff offers no argument with respect to Count III or the Amnesty Act in his Reply, and indeed, all but concedes the point. *See* (Doc. 27) at 18-19.

The Court agrees with the Fourth Circuit's reading of the Amnesty Act. Given that the Amnesty Act does not, as a matter of law, prospectively remove every disability imposed by Section Three, Plaintiff is unlikely to succeed on Count III. Therefore, Count III cannot serve as the basis for a preliminary injunction.

Plaintiff's Motion is denied, in part, to the extent it relies on Count III and Plaintiff's erroneous construction of the Amnesty Act.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE