IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COUY GRIFFIN,

    Plaintiff,

v.                                                    Civ. No. 22-0362 KG/GJF

MARCO WHITE, MARK MITCHELL,
and LESLIE LAKIND, *acting under color of
New Mexico law*,

    Defendants.

ORDER DENYING MOTION TO PARTICIPATE IN HEARING REMOTELY

Plaintiff Couy Griffin, through his counsel, filed a Motion to Participate in Hearing by Teleconferencing Application or Telephone (Motion). (Doc. 33). Griffin seeks leave for his attorney to appear remotely at the June 30, 2022, hearing on his Motion for Preliminary Injunction (Doc. 20). In the alternative, Griffin asserts he will rest on his briefing. (Doc. 33) at 2. Neither proposal is acceptable to the Court. Griffin's Motion is denied and his counsel is ordered to appear in person at the June 30, 2022, hearing.

Griffin's attorney, Mr. Nicholas Smith, applied for admission to the Bar of this Court on March 29, 2022, and was granted admission on March 31, 2022. He then filed the instant case on May 10, 2022 (Doc. 1), and filed the Motion for Preliminary Injunction on May 18, 2022 (Doc. 20). At the top of the Motion for Preliminary Injunction, counsel affixed the phrase "ORAL ARGUMENT REQUESTED." (Doc. 20) at 1. To the extent the request for oral argument constitutes a motion, the Court granted that motion when it set this matter for a hearing. (Doc. 29). In these ways, Mr. Smith submitted himself to the jurisdiction of this Court.

The Court has questions regarding Griffin's Motion for Preliminary Injunction. *See* (Doc. 29) (outlining broad topics the Court intends to cover at the hearing). Given the Court's outstanding questions, and Griffin's affirmative request for a hearing, the Court finds a hearing is necessary and will not allow Griffin to rest on his briefs. While Griffin is correct that the Local Rules allow a court to conduct hearings by telephone conference, the Rule is permissive and inherently within the Court's discretion. Here, the Court finds that the physical presence of counsel is necessary to fully address the questions presented and, thus, declines to exercise its discretion to allow remote appearance.

The Court acknowledges Griffin's representations with respect to his ability to pay for his counsel's travel. However, Griffin has not cited, and the Court is not aware of, any authority excusing an attorney from appearing at a hearing based on payment issues. While Mr. Smith could seek to withdraw or avail himself of other remedies with respect to payment, those remedies do not excuse or discharge his obligation to appear in this case at this time.

For these reasons, Griffin's Motion is denied and his counsel is ordered to appear, in person, as scheduled on June 30, 2022.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE